# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

CHRISTOPHER JAMES EVAN
OKTOLLIK,

          Plaintiff,

          v.

IN THE STATE CRIMINAL JUSTICE
SYSTEM IN THE 4TH DISTRICT
FAIRBANKS ALASKA, et al.,

          Defendant.

Case No. 4:25-cv-00055-SLG

## **ORDER OF DISMISSAL UPON SCREENING**

On November 7, 2025, self-represented prisoner Christopher James Evan Oktollik filed a civil complaint, an incomplete application to waive prepayment of the filing fee, and a handwritten narrative.[1] Plaintiff's claims his rights were violated by his criminal defense attorney Rex Butler and state prosecuting attorney Allison Baldock during his criminal jury trial in July 2025.[2] Plaintiff further describes his alleged injuries in the attached narrative, and he also appears to challenge the criminal justice system overall for alleged systematic violations.[3] For relief, Plaintiff seeks $750,000 in damages.[4] On February 13, 2026, Plaintiff filed a motion for a

---

[1] Dockets 1-2.

[2] Docket 1 at 3-4.

[3] Docket 1-2 at 1.

[4] Docket 1 at 7.

court-appointed attorney.[5] Then, on March 5, 2026, Plaintiff filed what appears to be a motion for court ordered mediation and an improper certificate of service.[6]

Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice[7] of the Courtview records of the Alaska Trial Courts.[8]

### I.    Screening Requirement

Under the Prison Litigation Reform Act, a federal district court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[9] In this screening, a district court shall dismiss the complaint at any time if the court determines that the complaint:

(i)    is frivolous or malicious;

(ii)    fails to state a claim on which relief may be granted; or

---

[5] Docket 4.

[6] Dockets 5-6.

[7] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (12th ed. 2024); S*ee also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("We may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal citations and quotation marks omitted.).

[8] Publicly available records of the Alaska Court System may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

[9] 28 U.S.C. §§ 1915, 1915A.

       (iii)     seeks monetary relief against a defendant who is immune from such relief.[10]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the complaint in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[11]  However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[12] Although generally, the scope of review is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[13] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[14]

Before a court may dismiss any portion of a complaint, a court must provide a self-represented plaintiff with a statement of the deficiencies in the complaint and an opportunity to file an amended complaint, unless to do so would be futile.[15]

---

[10] 28 U.S.C. § 1915(e)(2)(B).

[11] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003).

[12] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001).

[13] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[14] *Sprewell,* 266 F.3d at 988 (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims").

[15] *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir.1987) ("Without the benefit of a statement

Case No. 4:25-cv-00055-SLG*, Oktollik v. In the State Criminal Justice System in the 4th District Fairbanks Alaska, et al.*
Order of Dismissal Upon Screening
Page 3 of 7
Case 4:25-cv-00055-SLG    Document 10    Filed 03/19/26    Page 3 of 7

Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[16]

## II.    Plaintiff's claims against Fairbanks District Attorney's Office

Plaintiff claims Assistant District Attorney Allison Baklock misled the jury at his state criminal trial in July 2025 by calling a witness who was not credible.[17] However, the publicly available state court docket records demonstrate that Assistant District Attorney Andrew Baldock represented the State during Plaintiff's July 2025 trial.[18] In any event, actions undertaken by a prosecutor "in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State," are entitled to the protections of absolute immunity.[19] Here, Plaintiff's allegations against the state prosecutor for actions taken during Plaintiff's state court criminal jury trial fall squarely within the

---

of deficiencies, the pro se litigant will likely repeat previous errors.").

[16] *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986) (citation omitted).

[17] Docket 1 at 4.

[18] *State of Alaska vs. Oktollik, Christopher,* Case No. 4FA-24-00651CR, Docket Entry 07/15/2025 (Jury Trial held July 14-15, 2025); Docket Entry 05/17/2024 (Attorney Baldock, Andrew representing Prosecution State of Alaska as of 05/17/2024).

[19] *Kalina v. Fletcher*, 522 U.S. 118 (1997) (quoting *Buckley v. Fitzsimmons,* 509 U.S. 259, 273 (1993)).

Case No. 4:25-cv-00055-SLG, *Oktollik v. In the State Criminal Justice System in the 4th District Fairbanks Alaska, et al.*
Order of Dismissal Upon Screening
Page 4 of 7
Case 4:25-cv-00055-SLG    Document 10    Filed 03/19/26    Page 4 of 7

prosecutor's protected role to which immunity applies, and must therefore be dismissed with prejudice.

### III. Plaintiff's claims against his criminal defense attorney Rex Butler

Plaintiff's claims against his criminal defense attorney Rex Butler cannot proceed in a civil rights action under Section 1983 because criminal defense attorneys, whether retained or appointed, do not act under color of state law when performing their traditional functions as defense counsel.[20] To the extent Plaintiff seeks to pursue an ineffective assistance of counsel claim against his criminal defense attorney, such claims must be raised in the state criminal case, or through a petition for post-conviction relief in the state court, or on a petition for habeas corpus but only after all available state court remedies have been exhausted. A claim of ineffective assistance of counsel challenges the validity of the underlying criminal conviction or proceedings and cannot be brought in a civil rights action. For the foregoing reasons, Plaintiff's claims against Rex Butler and the Office of Public Advocacy must be dismissed.

### IV. Plaintiff's claims challenging his state criminal court proceedings

Although Plaintiff only requests monetary damages in this case, he improperly attempts to challenge the validity of his state criminal proceedings in

---

[20] *Miranda v. Clark County, Nevada,* 319 F.3d 465 (2003). *See also Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that "a public defender does not act under 'color of state law,' within meaning of Civil Rights Act, when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding").

Case No. 4:25-cv-00055-SLG*, Oktollik v. In the State Criminal Justice System in the 4th District Fairbanks Alaska, et al.*
Order of Dismissal Upon Screening
Page 5 of 7
Case 4:25-cv-00055-SLG    Document 10    Filed 03/19/26    Page 5 of 7

this civil action. A civil rights action is not the proper vehicle to challenge criminal charges, convictions, or rulings. Such challenges must be raised in the criminal case itself, on direct appeal, or through appropriate post-conviction relief.

Here, Plaintiff was convicted in the state court after a jury trial.[21] Unless and until Plaintiff's conviction has been reversed, expunged, set aside, or called into question by a federal court's issuance of a writ of habeas corpus, Plaintiff is barred from seeking monetary damages arising from it.[22] And Plaintiff cannot maintain a claim seeking habeas relief from this Court unless and until he has fully exhausted his state court remedies seeking to set aside his conviction.[23] If Plaintiff's conviction is set aside, Plaintiff may be able to seek compensatory and punitive damages for the harm caused if he can plead sufficient facts to state a plausible claim under Section 1983.[24]

However, Plaintiff cannot proceed on his claims at this time. Therefore, the Complaint must be dismissed without leave to amend. Because this case cannot proceed past the screening stage, Plaintiff's requests for appointment of counsel

---

[21] *State of Alaska vs. Oktollik,* Case No. 4FA-24-00651CR, Docket Entry 11/21/2025 ("Guilty After Trial").

[22] See Docket 4 at 7-8. *Zupan v. Brown,* 5 F. Supp. 2d 792, 795 (N.D. Cal. 1998) (finding "that the requirements of Heck apply with equal force to parole revocations as to convictions.").

[23] Docket 4 at 7-9.

[24] *See* Ninth Circuit Manual of Model Civil Jury Instructions and the cases cited therein.

Case No. 4:25-cv-00055-SLG, *Oktollik v. In the State Criminal Justice System in the 4th District Fairbanks Alaska, et al.*
Order of Dismissal Upon Screening
Page 6 of 7

Case 4:25-cv-00055-SLG    Document 10    Filed 03/19/26    Page 6 of 7

and assistance with service of process are DENIED.

**IT IS THEREFORE ORDERED:**

1.      This case is **DISMISSED.**

2.      All pending motions are **DENIED.**

3.      The Clerk of Court shall issue a final judgment and close this case.

DATED this 19th day of March 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 4:25-cv-00055-SLG*, Oktollik v. In the State Criminal Justice System in the 4th District Fairbanks Alaska, et al.*
Order of Dismissal Upon Screening
Page 7 of 7

Case 4:25-cv-00055-SLG     Document 10     Filed 03/19/26     Page 7 of 7